UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ENERGY AND WILDLIFE ACTION
COALITION,

    Plaintiff,

v.

U.S. DEPARTMENT OF THE INTERIOR;
DAVID BERNHARDT, U.S. SECRETARY OF
THE INTERIOR; U.S. FISH AND WILDLIFE
SERVICE; AND MARGARET E. EVERSON,
PRINCIPAL DEPUTY DIRECTOR
EXERCISING THE AUTHORITY OF THE
DIRECTOR OF THE U.S. FISH AND
WILDLIFE SERVICE,

    Defendants.

Case No: 1:15-cv-01486-ABJ

**FILED**
**OCT 16 2019**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**STIPULATED SETTLEMENT AGREEMENT AND VOLUNTARY DISMISSAL**

This Settlement Agreement ("Agreement") is entered into by and between the Energy and Wildlife Action Coalition ("Plaintiff") and the United States Department of the Interior, U.S. Fish and Wildlife Service ("Service"), David Bernhardt, in his official capacity as Secretary of the Interior, and Margaret Everson, in her official capacity as Principal Deputy Director Exercising the Authority of the Director of the Service (collectively "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, in 2009 the Service promulgated 50 C.F.R. § 22.26 ("Eagle Rule"), which established a permit program for the non-purposeful take of eagles pursuant to the Service's authority under the Bald and Golden Eagle Protection Act ("Eagle Act"), 16 U.S.C. § 668a. 74 Fed. Reg. 46,836 (Sept. 11, 2009).

WHEREAS, on September 10, 2015, Plaintiff filed a complaint in the United States District Court for the District of Columbia captioned *Energy and Wildlife Action Coalition v. Department of the Interior et al.*, No. 1:15-cv-01486, challenging the Defendants' issuance of portions of the Eagle Rule under the Eagle Act and the Administrative Procedure Act ("APA") (the "Complaint"), specifically alleging that:

1. The promulgation of the Eagle Rule exceeded Defendants' statutory authority by adding that a take permit will be issued for non-purposeful take associated with wildlife, agricultural, or other interests only if the permitted activities are "compatible with the preservation of the Bald Eagle or the golden eagle."

2. Adding the requirement that the Service investigate and determine that activities would be "otherwise lawful" where a non-purposeful take permit is sought for wildlife, agricultural or other interests constitutes an abuse of discretion and exceeds the Defendants' statutory authority because such an addition has no basis in the Eagle Act's grant of authority to the Defendants.

WHEREAS, in 2016, the Service amended the Eagle Rule 81 Fed. Reg. 91,494 (Dec. 16, 2016), but Plaintiff avers that the amendments did not wholly alleviate the allegations Plaintiff identified in the Complaint.

WHEREAS, on October 22, 2015, the Plaintiff filed a motion to stay the litigation until March 1, 2017, which was granted by the Court (Minute Order dated October 23, 2015); Plaintiff filed a second motion to stay the action, which was granted by the Court extending the stay until March 1, 2018 (Minute Order dated February 24, 2017); the parties subsequently requested, and were granted, a series of further extensions of the stay, most recently until October 25, 2019 (Minute Order dated September 30, 2019).

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint; and

WHEREAS no later than December 31, 2020, the Service intends to publish updated population numbers for the United States Bald Eagle population. Updated Bald Eagle population estimates will be based on actual survey data collected from the U.S. Fish and Wildlife Service's continental survey of Bald Eagle nesting territories and supplemented by other available monitoring data to generate a more accurate estimate of Bald Eagle populations; and

WHEREAS, the parties desire to compromise and settle Plaintiff's lawsuit according to the terms set forth below;

THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1. No later than August 31, 2021, the Service shall submit to the Federal Register for publication a proposed rule amending the Eagle Rule.

2. No later than August 31, 2022, the Service shall submit to the Federal Register for publication a final rule amending the Eagle Rule or notice of withdrawal of the proposed rule referenced in Paragraph 1.

3. Plaintiff hereby stipulates to voluntary dismissal without prejudice of all of the claims and causes of action contained in Plaintiff's Complaint against Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). If for any reason the action is not so dismissed, this Agreement is rendered null and void in its entirety. Plaintiff agrees that, during the rule

making period set forth above (from the date this agreement becomes effective until August 31, 2022), it will not file or fund any lawsuit challenging the Eagle Rule.

4.      The parties agree that the Court may retain jurisdiction over this matter solely to enforce the terms of this Agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The terms of this Agreement may be modified by written stipulation between the parties filed with and approved by the Court. The parties shall make every effort to comply with each of the obligations set forth herein in good faith. In the event that either Plaintiff or Defendants seek to modify the terms of this Agreement or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Plaintiff or Defendants believe that the other has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) within 30 days in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves within 45 days of such meeting, either party may seek relief from the Court. The parties agree that neither will seek contempt of court as a remedy for any violation of this Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.

5.      No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Eagle Act, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the Eagle Act, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge

any final action that arises out of Paragraphs 1 and 2, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as having precedential value and/or preclusive effect as to the merit of any claim(s).

7. The obligations imposed upon Defendants under this Agreement can only be undertaken using appropriated funds. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

8. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. This Agreement shall take effect only when the following conditions have been met: (a) The Agreement has been signed by the parties; and (b) the Agreement has been signed by the Court.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11. This Agreement may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one agreement. The parties shall be bound by facsimile signatures.

12. The parties shall bear their own costs of litigation, including reasonable attorneys' fees, incurred in connection with this action.

IT IS SO STIPULATED

Dated: October 15, 2019

*/s/ Robert P. Williams*
Robert P. Williams
Sr. Trial Attorney, U.S. Department of Justice
Wildlife & Marine Resources Section
Environment and Natural Resources Division
601 D Street, NW
Washington, D.C. 20004
Tel:   202.305.0206
Fax:   202.305.0275

**Attorneys for Federal Defendants**

*/s/ Paul S. Weiland* (*with permission on 10/14/2019*)
Steven P. Quarles, DC Bar No. 351668
Paul S. Weiland, CA Bar No. 237058 / DC Bar No. CA00005
Benjamin Z. Rubin, CA Bar No. 249630
Stephanie N. Clark, CA Bar No. 299657
Nossaman LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Tel: 949.833.7800
Fax: 949.833.7878

***Attorneys for Plaintiff***

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: October 15, 2019

*[signature]*

Amy Berman Jackson,
United States District Court Judge