## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ENERGY AND WILDLIFE ACTION COALITION,

      Plaintiff,

v.

U.S. DEPARTMENT OF THE INTERIOR; DEBRA
HAALAND, U.S. SECRETARY OF THE INTERIOR;
U.S. FISH AND WILDLIFE SERVICE; AND
MARTHA WILLIAMS, PRINCIPAL DEPUTY
DIRECTOR EXERCISING THE AUTHORITY OF
THE DIRECTOR OF THE U.S. FISH AND
WILDLIFE SERVICE,

      Defendants.

Case No:  1:15-cv-01486-ABJ

## STIPULATED AMENDMENT TO SETTLEMENT AGREEMENT
## AND VOLUNTARY DISMISSAL (ECF 40)

This Amendment to the Settlement Agreement ("Agreement") is entered into by and between the Energy and Wildlife Action Coalition ("Plaintiff") and the United States Department of the Interior, U.S. Fish and Wildlife Service ("Service"), Debra Haaland, in her official capacity as Secretary of the Interior, and Martha Williams, in her official capacity as Principal Deputy Director Exercising the Authority of the Director of the Service (collectively "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, in 2009 the Service promulgated 50 C.F.R. § 22.26 ("Eagle Rule"), which established a permit program for the non-purposeful take of eagles pursuant to the Service's authority under the Bald and Golden Eagle Protection Act ("Eagle Act"), 16 U.S.C. § 668a. 74 Fed. Reg. 46,836 (Sept. 11, 2009).

WHEREAS, on September 10, 2015, Plaintiff filed a complaint in the United States District Court for the District of Columbia captioned *Energy and Wildlife Action Coalition v. Department*

*of the Interior et al.*, No. 1:15-cv-01486, challenging the Defendants' issuance of portions of the Eagle Rule under the Eagle Act and the Administrative Procedure Act ("APA") (the "Complaint"), specifically alleging that:

1.      The promulgation of the Eagle Rule exceeded Defendants' statutory authority by adding that a take permit will be issued for non-purposeful take associated with wildlife, agricultural, or other interests only if the permitted activities are "compatible with the preservation of the Bald Eagle or the golden eagle."

2.      Adding the requirement that the Service investigate and determine that activities would be "otherwise lawful" where a non-purposeful take permit is sought for wildlife, agricultural or other interests constitutes an abuse of discretion and exceeds the Defendants' statutory authority because such an addition has no basis in the Eagle Act's grant of authority to the Defendants.

WHEREAS, in 2016, the Service amended the Eagle Rule 81 Fed. Reg. 91,494 (Dec. 16, 2016), but Plaintiff avers that the amendments did not wholly alleviate the allegations Plaintiff identified in the Complaint.

WHEREAS, on October 22, 2015, the Plaintiff filed a motion to stay the litigation until March 1, 2017, which was granted by the Court (Minute Order dated October 23, 2015); Plaintiff filed a second motion to stay the action, which was granted by the Court extending the stay until March 1, 2018 (Minute Order dated February 24, 2017); the parties subsequently requested, and were granted, a series of further extensions of the stay until October 25, 2019 (Minute Order dated September 30, 2019).

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims,

negotiated a settlement in October 2019 that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint; and

WHEREAS the Service published updated population numbers for the United States Bald Eagle population on its website on March 24, 2021, based on actual survey data collected from the Service's continental survey of Bald Eagle nesting territories and supplemented by other available monitoring data to generate a more accurate estimate of Bald Eagle populations; and

WHEREAS, the parties' October 2019 settlement agreement agreed to compromise and settle Plaintiff's lawsuit according to the following terms, among others, which were recited in the settlement agreement that was approved by this Court on October 15, 2019 (ECF 40):

1.      No later than August 31, 2021, the Service shall submit to the Federal Register for publication a proposed rule amending the Eagle Rule.

2.      No later than August 31, 2022, the Service shall submit to the Federal Register for publication a final rule amending the Eagle Rule or notice of withdrawal of the proposed rule referenced in Paragraph 1; and

WHEREAS, the settlement agreement further provided that, notwithstanding the dismissal of Plaintiff's complaint pursuant to the terms of the agreement, the Court would retain jurisdiction over this action to enforce the terms of the settlement agreement and that "[t]he terms of this Agreement may be modified by written stipulation between the parties filed with and approved by the Court" (ECF 40 ¶ 4); and

WHEREAS the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated amendments to the October 2019 settlement agreement that they consider to be in the

public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

THE PARTIES AGREE AND STIPULATE THAT PARAGRAPHS 1 AND 2 OF THE SETTLEMENT AGREEMENT BE REPLACED WITH THE FOLLOWING PARAGRAPHS, RESPECTIVELY, AS FOLLOWS:

1.      No later than September 15, 2021, the Service shall submit to the Federal Register for publication an Advance Notice of Proposed Rulemaking amending the Eagle Rule.

2.      No later than May 31, 2022, the Service shall submit to the Federal Register for publication a proposed rule amending the Eagle Rule.  No later than April 30, 2023, the Service shall submit to the Federal Register for publication a final rule amending the Eagle Rule or notice of withdrawal of the proposed rule referenced above.

THE PARTIES FURTHER AGREE AND STIPULATE THAT THE DATES SET FORTH ABOVE IN REPLACEMENT PARAGRAPHS 1 AND 2 OF THE SETTLEMENT AGREEMENT ASSUME, AND ARE CONTINGENT UPON: (1) interagency review of the proposed rule pursuant to Executive Order 12866 not exceeding the timeframe set forth therein for such review; and (2) the rulemaking not requiring preparation of a Supplemental Environmental Impact Statement ("SEIS").  Should interagency review of the proposed rule pursuant to Executive Order 12866 exceed the timeframe set forth therein for such review and/or the rulemaking require preparation of an SEIS, the parties agree to meet and confer, in good faith, on reasonable adjustments to the dates set forth in replacement paragraphs 1 and 2, subject to the terms and procedures set forth in paragraph 4 of the settlement agreement.

THE PARTIES FURTHER AGREE AND STIPULATE THAT PARAGRAPH 3 OF THE SETTLEMENT AGREEMENT BE AMENDED, AS FOLLOWS:

3.     Plaintiff agrees that, during the rule making period set forth above (from the date

this amendment to the settlement agreement becomes effective until the final rule becomes

effective), it will not file or fund any lawsuit challenging the Eagle Rule.

EXCEPT AS SPECIFICALLY PROVIDED FOR ABOVE, THE PARTIES AGREE AND

STIPULATE THAT ANY AND ALL TERMS OF THE SETTLEMENT AGREEMENT (ECF

40) SHALL CONTINUE UNDISTURBED, IN FULL FORCE AND EFFECT.

IT IS SO STIPULATED

Dated: August 30, 2021

*/s/ Robert P. Williams*
Robert P. Williams
Sr. Trial Attorney, U.S. Department of Justice
Wildlife & Marine Resources Section
Environment and Natural Resources Division
601 D Street, NW
Washington, D.C. 20004
Tel:    202.305.0206
Fax:    202.305.0275
**Attorneys for Federal Defendants**

*/s/ Paul S. Weiland* (*with permission on 8/27/2021*)
Steven P. Quarles, DC Bar No. 351668
Paul S. Weiland, CA Bar No. 237058 / DC Bar No. CA00005
Benjamin Z. Rubin, CA Bar No. 249630
Stephanie N. Clark, CA Bar No. 299657
Nossaman LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA  92612
Tel:    949.833.7800
Fax:    949.833.7878
**Attorneys for Plaintiff**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _____, 2021

_____
Amy Berman Jackson,
United States District Court Judge

5